**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE LUIS DOMINGUEZ MUNOZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2633-PRW** |
| | ) | |
| **DIRECTOR ICE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jose Luis Dominguez Munoz, a noncitizen[1] and Salvadorean national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Patrick R. Wyrick referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue. For the reasons below, the undersigned recommends that the Court grant the Petition in part and order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. **Background**

Petitioner, a citizen of El Salvador, entered the United States approximately 30 years ago. Pet. at 7, 9.[2] He alleges he "maintain[ed] strong ties with his community and those around him during his 30 years" in the United States. *Id.* at 9. In May 2026, ICE placed Petitioner into removal proceedings before the Immigration Court under 8 U.S.C. § 1229a through the issuance of a Notice to Appear. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Oct. 30, 2026) (reflecting a docket date of May 20, 2026, for Petitioner's removal proceedings). He was detained by ICE on May 15, 2026, when he appeared for a probation appointment in Greenville, Texas. Pet. at 6. He remains in ICE custody with ongoing removal proceedings.

Petitioner does not allege he requested a bond hearing. *See* Pet. at 2 ("While detained, Petitioner lacked counsel and the financial resources to pursue a bond request."). Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 30, 2026).

---

[2] Citations to the Petition and its included addendum use CM/ECF pagination.

## II. Petitioner's Claim

Liberally construed, Petitioner asserts two claims in his Petition. First, he first alleges his continued ICE detention under 8 U.S.C. § 1225(b)(2) without an individualized bond hearing violates the Immigration and Nationality Act ("INA"). Pet. at 6, 9. Petitioner claims 8 U.S.C. § 1226(a) should govern his current detention because he was not an "arriving or seeking admission when [he] was arrested by ICE." Pet. at 6. Second, he alleges his ICE detention without a bond hearing violates his rights to substantive and procedural due process under the Fifth Amendment. *Id.* at 6-7. Petitioner seeks "immediate release from immigration detention" or "a prompt, individualized custody hearing before an [IJ] at which the government must justify the continued detention. *Id.* at 7.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been

admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.[3] *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Respondents acknowledge this matter "is controlled by the Tenth Circuit's opinion in [*Santillan*] *Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)," while maintaining their position "that the proper understanding of" the INA is that Petitioner's detention falls under § 1225(b)(2)(A). Resp. at 1 & n.2. The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz*, 180 F.4th at 1235-49. The Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore,

---

[3] Respondents do not assert any other provision of the INA controls Petitioner's detention.

based on Tenth Circuit precedent and Respondents' acknowledgement, the Court should apply § 1226(a) to govern Petitioner's current detention. *See, e.g.*, *Morales Castellanos v. Grant*, No. CIV-25-1490-PRW, 2026 WL 2243981, at *1 (W.D. Okla. Aug. 4, 2026) (holding in accordance with *Santillan Quiroz* that a petitioner is entitled to a bond hearing under § 1226(a)).[4]

**B. The proper remedy is a bond hearing.**

Petitioner seeks "immediate release" or "a prompt, individualized custody hearing before an [IJ] at which the government must justify the continued detention." Pet. at 7. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Morales Castellanos*, 2026 WL 2243981, at *1 (concluding § 1226(a) governs petitioner's detention and respondents must provide "an individualized bond hearing"). Thus, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing

[4] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guadian*, 190 F.4th 305, 334-35 (4th Cir. 2026); *Buele Morocho v. Warden, Phila. FDC*, 189 F.4th 287, 304-05 (3d Cir. 2026); *Guerrero Orellana v. Moniz*, 188 F.4th 1, 20-21 (1st Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). The Supreme Court has granted certiorari on this issue. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub. nom. Rhoney v. Barbosa da Cunha*, --- S. Ct. ----, 2026 WL 2942994 (Mem) (Oct. 1, 2026).

under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[5]

### C. The Court should decline to address Petitioner's due process claim.

Petitioner also argues his continued ICE detention without a bond hearing violates his rights to due process. Pet. at 6-7. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the Court need not decide the merits of his due process claim based on continued detention. *See, e.g.*, *Madzhnunov v. Grant*, No. CIV-26-699-PRW, 2026 WL 2390750, at *1 (W.D. Okla. Aug. 17, 2026) ("The Court reserves a ruling on Petitioner's remaining claims pending resolution of the bond hearing."); *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's due process claim when adopting the recommended relief of a bond hearing under § 1226(a)).

## V. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **GRANT in part** the Petition, Doc. 1, for habeas relief by ordering Respondents to provide Petitioner with a

[5] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 6, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **November 12, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of October, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE